BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

APR 28 1972

IN RE CAREER ACADEMY )     DOCKET NO. 98
ANTITRUST LITIGATION )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH S.
LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

    This litigation consists of six actions presently pending in five separate districts against Career Academy, Inc., a Delaware corporation with its principal place of business in Milwaukee, Wisconsin. Career Academy moved the Panel to have all cases consolidated for coordinated pretrial proceedings in the Northern District of Illinois. No party opposes transfer, but several different districts are urged as the appropriate transferee forum. We find that transfer to the Eastern District of Wisconsin would best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

---

\*    Although Judges Robson and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

-2-

The need for transfer under 28 U.S.C. §1407 is clear. Each complaint alleges in substance that Career Academy has violated the federal antitrust laws in operating its business of enrolling, counseling and selling home study and in-residence study courses. The allegations raise common issues of fact, making transfer necessary to avoid duplication in discovery and inconsistent pretrial rulings. And transfer is also necessary to avoid inconsistent class action determinations.1/ In re Brown Company Securities Litigation, 325 F. Supp. 307 (J.P.M.L. 1971).

The only point of controversy among the parties is the selection of the transferee district. Career Academy requests transfer of all cases to the Northern District of Illinois (Chicago), even though its home offices are in Milwaukee, Wisconsin. It asserts that Chicago is far more accessible to the parties from other parts of the country than is Milwaukee. Defendant also declares that the court calendar in the Eastern District of Wisconsin is two to three months behind the Northern District of Illinois in the disposition of cases. We are not persuaded by defendant's arguments. In view of the close proximity of Milwaukee to Chicago, the convenience of travel cannot fairly be stated as a compelling factor requiring transfer to the latter forum. And although court

---

1/ Class action suits have been filed in the Eastern District of Pennsylvania and the Northern District of Illinois. Neither court has ruled on the appropriateness of creating a class.

congestion is often considered by the Panel in selecting a transferee district, the difference referred to by defendant is insignificant. Nor are we persuaded by the California and Mississippi plaintiffs' arguments to transfer the actions to the Central District of California because eighteen of the twenty-three named plaintiffs in these actions favor that district. This argument ignores the possibility of the transferee judge establishing a class action on behalf of all franchisees.

The two Wisconsin plaintiffs and the party who filed a class action suit in the Eastern District of Pennsylvania assert that the Eastern District of Wisconsin is the most appropriate transferee district.[2/] We agree. Virtually no discovery has taken place in any of these actions. And the majority of plaintiffs' discovery will be centered in Milwaukee where defendant's documents and a substantial number of its witnesses are located. Also, Judge Myron L. Gordon, who has been assigned the Wisconsin cases, has already heard several motions in connection with them and has acquired a knowledge of the issues involved in this litigation that is at least equal to that of the other judges to whom the other cases have been assigned.

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the Eastern

---

[2/] The party who filed a class action suit in the Northern District of Illinois favors that district but does not object to transfer to the Eastern District of Wisconsin.

-4-

District of Wisconsin be, and the same hereby are, transferred to the Eastern District of Wisconsin and, with the consent of that court, are assigned to the Honorable Myron L. Gordon for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

SCHEDULE A                                                    DOCKET NO. 98

### EASTERN DISTRICT OF WISCONSIN

Byford Elwonger v. Career Academy,                            Civil Action
Inc.                                                          No. 71 C 409

Fred Katz v. Career Academy,                                  Civil Action
Inc.,                                                         No. 71 C 429

### CENTRAL DISTRICT OF CALIFORNIA

Vickey Breeland, et al. v. Career                             Civil Action
Academy, et al.                                               No. 71-392-LTL

### NORTHERN DISTRICT OF ILLINOIS

Jimmy Brown v. Career Academy,                                Civil Action
Inc., et al.                                                  No. 71 C 2278

### EASTERN DISTRICT OF PENNSYLVANIA

Morton Baker v. Career Academy,                               Civil Action
Inc., et al.                                                  No. 71-2697

### SOUTHERN DISTRICT OF MISSISSIPPI

Joe F. Rakes, et al. v. Career Academy,                       Civil Action
Inc., et al.                                                  No. 4353(R)